UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PHILLIP L. HICKS,

        Defendant.

Case No. 15-cr-239-pp

---

**ORDER CONSTRUING DEFENDANT'S LETTER AS
MOTION TO CLARIFY SENTENCE, GRANTING THAT MOTION
AND CLARIFYING SENTENCE (DKT. NO. 24)**

---

On July 8, 2016, the court sentenced the defendant after his conviction for being a felon in possession of a firearm with an obliterated serial number. Dkt. No. 19. At the time of sentencing, the Milwaukee County Circuit Court had revoked the defendant's extended supervision in Case No. 08CF2719, and the Winnebago County Circuit Court had revoked his extended supervision in Case No. 12CF405. In its order of judgment, this court imposed a sentence of eighty-six months, "to run concurrently with the sentence from Winnebago County." Dkt. No. 20 at 2.

On December 12, 2016, the court received a letter from the defendant. Dkt. No. 24. The defendant was in Fox Lake Correctional Institution at the time he sent the letter, serving his state sentence. Dkt. No. 24 at 2. The letter stated that the defendant had received a detainer from the U.S. Marshal, which indicated that this court had imposed his sentence to run concurrently with

1

the Winnebago County sentence. The defendant, however, said that at sentencing, he heard this court tell him that it was imposing the eighty-six-month sentence to run concurrently "to all revocation," and that his lawyer told him the same thing. Id. at 1. He asked the court to clarify whether it imposed the sentence to run concurrently to all his state revocation sentences (Milwaukee County and Winnebago County), or only to the sentence imposed in the Winnebago County revocation. Id. He also asked the court to tell him how he could find out his federal release date. Despite this court's delay in responding to the defendant's letter, the court has determined that the defendant is still at Fox Lake, with a mandatory release ("MR") date of January 28, 2021. https://appsdoc.wi.gov.lop/detail.do.

The court interprets this letter as a request for the court to clarify the sentence it imposed on July 8, 2016. The court will grant that request.

The court imposed the federal sentence to run concurrently to the defendant's *Winnebago County* revocation sentence. The court went back and listened to the recording of the sentencing hearing. At the hearing, the court stated that it was imposing the eighty-six-month sentence to run concurrently with the sentence from Winnebago County. The court's "minutes"—the hearing notes that the court puts on the docket—say the same thing: "The court imposed a sentence of eighty-six months of incarceration, to run concurrently with the revocation sentence imposed in Winnebago county, followed by three years of supervised release." Dkt. No. 19 at 3. The order of judgment, as noted

above, says the same thing. Dkt. No. 20. The detainer (of which the court has a copy) is correct. Dkt. No. 23.

The defendant also asked how he can figure out his federal release date. When he transfers into federal custody, he will have a case manager. That person can help him figure out his federal release date. The court is not aware of whether the defendant will be able to learn his federal release date before he actually goes into federal custody. A good source of information might be the Bureau of Prisons' Designation and Sentence Computation Center, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, TX 75051. The email address is GRA-DSC/PolicyCorrespondence@bop.gov. This is the office of the Bureau of Prisons that determines where a federal inmate will be placed, and when he or she will be eligible for release.

The court **GRANTS** the defendant's letter motion to clarify his sentence. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 1st day of November, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**